# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:21-CR-00045-KDB-DCK

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| **DANA DEAN FETHERSON,** | ) ) ) | |
| **Defendant.** | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Dana Dean Fetherson's *pro se* Motion to Preserve a 922(g)(1) Challenge Due to a Change of Law (Doc. No. 54). Because a "motion to preserve a challenge" is not a recognized motion, the Court will treat Fetherson's request as a motion to extend the time to file a 28 U.S.C. § 2255 action. For the reasons briefly discussed below, the Court will **DENY** Fetherson's Motion.

Under § 2255, a prisoner in federal custody "may move the court to vacate, set aside or correct the[ir] sentence." § 2255(a). The one-year statute of limitations runs in this case from "the date on which the judgment of conviction becomes final." § 2255(f)(1). "Finality attaches when . . . the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted); *see also United States v. Salas*, 807 F. App'x 218, 222 (4th Cir. 2020) (quoting *Clay*). Here, the Fourth Circuit issued the mandate for Fetherson's appeal on March 15, 2023. *See* Doc. No. 47. Fetherson did not file a writ of certiorari and so his conviction became final sometime after March 15, 2023. Accordingly, Fetherson still has at least two months to file a motion under § 2255. Thus, he needs no extension of time to pursue the relief he seeks so the Court will deny his Motion at this time.

**SO ORDERED.**

Signed: January 3, 2024

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge